IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JULIAN WILLIAMS,<br>TDCJ-CID No. 02254075, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | § | 2:23-cv-00096-Z-BR |
| | § | |
| BOBBY LUMPKIN, OSCAR<br>MENDOZA, STEPHEN BRYANT,<br>NICHOLAS MARTIN, DANIEL<br>PACHECO, ANTONIO DURAN III,<br>RODNEY WILLSON, BRIAN JANOW,<br>ISRAEL ESPINOSA BARAJAS, and<br>LLOYD STEWART, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS COMPLAINT

Plaintiff Julian Williams, acting *pro se* and while a prisoner incarcerated in the Clements Unit of the Texas Department of Criminal Justice, filed suit pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted permission to proceed *in forma pauperis* (ECF No. 8).

On November 2, 2023, the Court issued a Briefing Order, ordering Plaintiff to answer and return a questionnaire by December 4, 2023, to aid the Court in screening his Complaint pursuant to the Prison Litigation Reform Act (ECF No. 13). As of this date, Plaintiff has failed to respond to the Court's Order or otherwise communicate with the Court regarding this case. The Court has given Plaintiff ample opportunity to comply with its Order, yet Plaintiff has failed to do so. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399,

401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). The undersigned finds Plaintiff's failure to comply with this Court's November 2, 2023, Order warrants dismissal.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Complaint filed by Julian Williams (ECF No. 1) be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 27, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).